**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0959-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTWIONE A. PARSLEY,
a/k/a ANTOINE A. PARSLEY,
ANTIONE PARSLEY, and
ANTWIONE PARSLEY,

    Defendant-Appellant.

_____

Submitted September 22, 2025 – Decided October 6, 2025

Before Judges Sabatino and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Indictment No. 12-01-0001.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the briefs).

Kristin J. Telsey, Salem County Prosecutor, attorney for respondent (Matthew M. Bingham, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Antwione Parsley appeals the trial court's October 3, 2023 decision denying his petition for postconviction relief ("PCR"). The court's decision followed an evidentiary hearing that we ordered to be conducted on remand. State v. Butler, No. A-0884-18 (App. Div. Feb. 28, 2020). We affirm.

We incorporate by reference the facts and procedural history set forth in our February 2020 unpublished opinion remanding the case. The following summary will suffice.

At an April 2013 jury trial, Parsley and his two codefendants, Ahmar Butler and Jonathan Thomas, were found guilty of numerous offenses relating to the fatal shooting of Joseph Hayes. Hayes was shot in the back doorway of his Salem City residence on September 7, 2008.

The jury found Parsley individually guilty of first-degree conspiracy to murder Hayes and second-degree conspiracy to commit aggravated assault upon Hayes. The State's theory at trial was that Hayes had been murdered because he gave a statement to the police that implicated Parsley and Thomas in an unrelated criminal case, causing them to perceive him as a "snitch." The State

2

contended that Parsley and Thomas recruited Butler to assist them in killing Hayes.

The State presented several eyewitnesses who implicated defendant as having made incriminating statements after the shooting and/or who attested they witnessed the three defendants fleeing the scene. All of the State's key witnesses had criminal convictions. Some of these witnesses offered their information to the prosecutor's office in exchange for lenient plea agreements in their own criminal cases. The three defendants did not testify.

Parsley was sentenced to an aggregate term of fifty years, subject to a parole disqualifier under the No Early Release Act, N.J.S.A. 2C:43-7.2. In March 2017, we affirmed the judgments of conviction and sentences for all three defendants in a consolidated unpublished opinion. State v. Butler, et al., Nos. A-0381-13, A-1741-13, and A-2051-13 (App. Div. Mar. 30, 2017). The Supreme Court denied certification to all three defendants. 233 N.J. 107, 128, 129 (2017).

Parsley then filed a PCR petition seeking relief on two grounds that are pertinent here. First, he alleges he received ineffective assistance from his trial counsel because his counsel did not investigate certain supposed alibi witnesses. Second, he seeks relief on alleged newly discovered evidence of third-party

A-0959-23

guilt, specifically an affidavit from Oreader Callaway, Jr., who claimed that a fellow State inmate, Maurice Brown, confessed to Callaway that Brown and his uncle killed Hayes.

To support his alibi contentions, defendant tendered affidavits from Cornelius Allen, Robert Winchester, and Latasia Spence-Winchester, all of whom claimed that Parsley was at the Winchester house playing cards on the evening of the shooting. Defendant claims he told his trial counsel about these alibi witnesses and counsel failed to investigate them.

In our 2020 opinion, we affirmed most of the PCR court's denial of relief, except for the alibi and third-party guilt issues. We were very specific in our opinion limiting the scope of the remand to an evidentiary hearing solely on those issues:

> Here, if, hypothetically, the alibi witnesses proffered by Parsley were found trustworthy, they would undermine testimony from the State's witnesses that he was seen on the street immediately before and following the fatal shooting. To be sure, that would not eliminate the possibility that Parsley, while not present at the shooting, took part in a conspiracy to kill or injure Hayes. Nevertheless, an evidentiary hearing to develop the factual record as to his alibi evidence is warranted.
>
> . . . .
>
> Shameek Brown originally testified at trial that he had heard Butler make incriminating statements to Thomas.

4

In a subsequent affidavit, he recanted his testimony and stated he never heard any incriminating conversations between defendants. If Brown's subsequent recantation of his own testimony was found to be credible, it would comprise the sort of evidence that could raise reasonable doubt in a trial that relied heavily on the credibility of the State's witnesses.

Moreover, the affidavits of Callaway and Daniels suggest that a third party, not the defendants, committed the murder, either through that third party's admission or seeing him armed and fleeing the scene. Without any eyewitnesses to the shooting itself, this proof is at least facially significant.

[State v. Butler, No. A-0884-18 (App. Div. Feb. 28, 2020) (slip op. at 15, 17-18).]

On remand, the PCR judge conducted an evidentiary hearing over five non-consecutive days between August 2022 and April 2023. Defendant testified on his own behalf and presented testimony from Allen (concerning the card game alibi), and Callaway (concerning the third-party guilt issue). Defendant was unable to procure testimony from Winchester and Spence-Winchester.

The State presented testimony at the PCR hearing from defendant's trial counsel (who denied recalling defendant ever advising him about the alleged alibi witnesses), various employees of the Salem County Prosecutors Office (who testified they never received the alleged 2011 affidavit from Callaway and testified that defendant had placed two phone calls in January 2020 to a State

trial witness's niece in an attempt to convince her to obtain her uncle's signature on an affidavit recanting his trial testimony).

Defendant also tendered affidavits from his codefendants Butler and Thomas, in which they stated that Parsley never took part with them in a conspiracy to kill Hayes. The PCR judge declined to consider the affidavits or hear testimony from the codefendants, because he deemed that evidence was outside of the scope of our remand.

In his detailed written opinion issued on October 3, 2023, Judge John C. Eastlack, Jr. meticulously explained why he rejected defendant's contentions. Among other things, the judge specifically found the hearing testimony of defendant, Allen, and Callaway was not credible. The judge also adopted the substance of trial counsel's testimony without making an explicit credibility finding.

In his counseled brief on appeal, defendant argues that the PCR judge erred in his determinations, and that the alibi and third-party guilt proofs demonstrated his entitlement to a new trial. As a procedural matter, he also argues the judge unfairly refused to consider the affidavits of Butler and Thomas, and that we should order a remand for a second evidentiary hearing to

6

A-0959-23

hear their testimony. Specifically, his brief on the present appeal expresses those points as follows:

POINT I

DEFENDANT MET HIS BURDEN TO SHOW THAT HIS ATTORNEY FAILED TO INVESTIGATE AND PRESENT EXCULPATORY EVIDENCE, THE PCR COURT ERRED WHEN IT DENED HIS PETITION FOR POST-CONVICTION RELIEF.

POINT II

THE PCR COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION FILED FOR A NEW TRIAL ON THE GROUNDS THAT OREADER CALLAWAY'S TESTIMONY DID NOT PRESENT NEWLY DISCOVERED EVIDENCE.

POINT III
THE PCR COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION FOR A NEW TRIAL BASED ON THE NEWLY DISCOVERED EVIDENCE OF CODEFENDANTS BUTLER'S AND THOMAS' AFFIDAVITS.

Defendant has also filed an uncounseled supplemental brief echoing these arguments.

In evaluating defendant's arguments, we apply well settled principles. Substantively, we apply the two-part constitutional test of Strickland v. Washington 466 U.S. 668 (1984) governing claims of ineffective assistance of counsel under the Sixth Amendment. To establish a deprivation of the Sixth

7

Amendment right, a convicted defendant must demonstrate that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the accused's defense. Id. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

With respect to prong one, deficient performance, the Court held the test is whether counsel's conduct fell below an objective standard of reasonableness. State v. Savage, 120 N.J. 594, 614 (1990) (citing Strickland, 466 U.S. at 688). "[A] defendant challenging assistance of counsel must demonstrate that counsel's actions were beyond the 'wide range of professionally competent assistance.'" Ibid. (quoting Strickland, 466 U.S. at 690). In reviewing such claims of ineffectiveness, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

Given that presumption, "complaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy." Fritz, 105 N.J. at 54 (citation omitted); see also State v. Echols, 199 N.J. 344, 357-59 (2009). "The quality of counsel's performance cannot be fairly assessed by focusing on a handful of issues while ignoring the totality of counsel's performance in the context of the State's evidence of defendant's guilt." State v. Castagna, 187 N.J.

A-0959-23

293, 314 (2006) (citing State v. Marshall, 123 N.J. 1, 165 (1991)).

"[T]o satisfy the second prong—that a defendant has been prejudiced by counsel's actions—there must be a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Savage, 120 N.J. at 614 (quoting Strickland, 466 U.S. at 694).

Procedurally, defendant's claims of ineffectiveness here were pursued though a PCR petition and an evidentiary hearing. An appellate court's review after the PCR court has held an evidentiary hearing is "necessarily deferential to [the] PCR court's factual findings based on its review of live witness testimony. In such circumstances we will uphold the PCR court's findings that are supported by sufficient credible evidence in the record." State v. Nash, 212 N.J. 518, 540-41 (2013). That said, an appellate court is not required to provide deference to legal conclusions reached by a PCR court; legal conclusions are reviewed de novo. State v. Taccetta, 200 N.J. 183, 195 (2009).

Having reviewed the record before us in light of these principles, we affirm the PCR court's post-remand denial of Parsley's petition, substantially for the cogent reasons expressed in Judge Eastlack's written opinion. We add only a few comments in amplification.

9

First, as to the alibi-related issues, we discern no grounds to set aside the PCR court's rejection of Parsley's claims. Those claims largely hinged upon the credibility of the testimony, or lack thereof, presented at the evidentiary hearing. We afford great deference to the judge's findings that the defense witnesses at the hearing were not credible, and the judge's adoption of defendant's trial counsel's testimony that he had no recollection of defendant ever telling him about the alleged alibi. Nash, 212 N.J. at 540-41.

Moreover, as we alluded in our 2020 opinion, Butler, slip op. at 15, Parsley's alleged presence at a card game at the time of the shooting does not foreclose his involvement in a conspiracy to murder the victim, against whom he had a proven motive to kill in retaliation for being a "snitch."

We do not fault the PCR judge in rejecting the belated affidavits of Butler and Thomas and declining to hear testimony from them. Their narratives were outside of the scope of our limited remand. In any event, the affidavits are non-specific and of highly suspicious timing.

"Counsel's fear that a weak alibi could cause more harm than good is the type of strategic decision that should not be second guessed on appeal." State v. Drisco, 355 N.J. Super. 283, 291 (App. Div. 2002); see also State v. Coruzzi, 189 N.J. Super. 273, 321-22 (App. Div. 1983) (finding no error to not call the

10

defendant's brother as alibi witness, when the testimony was contradicted by other, credible witnesses and could "undermine the entire defense strategy").

The PCR court noted that "defense counsel's strategy would have been undermined if he offered the testimony of two of his client's friends, and a friend's mother after focusing so heavily on motivations to testify untruthfully because these witnesses clearly had strong motives to testify untruthfully." The PCR court further observed:

> Additionally, the criminal histories of individuals that Petitioner asserts should have been called by counsel would impact trial strategy. Mr. Winchester has five (5) prior indictable convictions, and Mr. Allen has two (2) prior indictable convictions; offering either witness would have shifted the jury's focus from the criminal backgrounds of the State's witnesses, to the criminal backgrounds of the Defenses witnesses, and therefore undermined trial counsel's established strategy. Because offering the witnesses' testimony would have likely undermined trial counsel's strategy, the failure to call these witnesses is not deficient under a Strickland analysis.
>
> [(emphasis added).]

The PCR court further found the proffered alibis "weak, and easily rebuttable" and, therefore, unlikely to have changed the outcome of the trial. The court noted the witnesses' claims that Parsley "was at [Latasia] Winchester's house playing cards with them from precisely 7:30 P.M. to approximately 2:30

11

A.M., a timeframe during which the murder took place, in close proximity to where the murder took place." The court observed Spence-Winchester's house was about half-a-mile from where the shooting took place. Thus, the PCR court concluded, "[t]he testimony of these witnesses does not foreclose that [d]efendant committed the crimes."

Second, Parsley's claim of newly discovered evidence is guided by the three-prong test of State v. Carter, 85 N.J. 300, 314 (1981). "[T]o qualify as newly discovered evidence entitling a party to a new trial, the new evidence must be (1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." 85 N.J. at 314. None of these required elements were demonstrated here.

In particular, we adopt Judge Eastlack's finding that Callaway, who has what the trial judge described as ninety-one[1] previous indictable convictions, was not a credible witness.

Judge Eastlack evaluated Callaway's testimony "through the prism of his lengthy criminal record" and found that Callaway's testimony was "lacking in

---

[1] This total is not a typographical or apparent error.

credibility." The judge noted there was no evidence that Callaway submitted his affidavit to the Salem County Prosecutor's Office in 2011. The judge further determined that "Callaway's testimony, and the documents submitted therewith which purport to establish the third-party guilt of Maurice Brown for the murder of Mr. Hayes, simply is devoid of any credibility." The judge further observed that trial counsel did raise a third-party guilt defense concerning Maurice Brown at trial.

Notably, Callaway previously testified at a PCR hearing in State v. Butler before a now-retired judge, and that judge likewise found Callaway to not be credible. We affirmed the PCR denial in Butler in December 2023, State v. Butler, No. A-2139-21 (App. Div. Dec. 29, 2023), certif. denied, 256 N.J. 532 (2024).

For these reasons, Parsley's claim of newly discovered exonerating evidence is clearly unavailing. We affirm Judge Eastlack's prudent and well supported rejection of the claim.

To the extent we have not discussed them, the remaining arguments raised by Parsley lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0959-23